IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ARMADA MIDCONTINENT, LLC, § | CASE NO. 15-41557 |
| § | |
| DEBTOR § | |
| § | **EMERGENCY HEARING** |
| § | **REQUESTED** |

## CHAPTER 7 TRUSTEE'S EMERGENCY MOTION TO APPROVE AGREED ORDER REGARDING POST-PETITION FINANCING

Comes now Linda Payne, the Chapter 7 Trustee (the "Chapter 7 Trustee") for Armada Midcontinent, LLC (the "Debtor") and files this her Chapter 7 Trustee's Emergency Motion To Approve Agreed Order Regarding Post-Petition Financing (this "Financing Motion"), and, in support thereof, the Chapter 7 Trustee states as follows:

### A. Statement of Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2). Venue for this case is properly laid in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B. Statement of Facts

2. On August 28, 2015 (the "Petition Date"), the Debtor filed its Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code. Linda Payne was appointed the Chapter 7 Trustee of the Debtor's estate.

### RELIEF REQUESTED AND BASIS THEREFORE

3. The Debtor's primary assets consist of working interests in oil and gas properties in Woodson County, Kansas, together with various operating equipment, general intangibles, accounts receivable, and any fixtures.

4. The Debtor has ceased operation of its oil and gas wells in Woodson County, Kansas, and is generating no revenues. The Chapter 7 Trustee intends to market and sell the Debtor's assets, but in the interim requires financing from Prosperity Bank, the Debtor's major secured creditor whose first-priority liens attach to all of the Debtor's assets. Prosperity Bank has agreed to finance the Chapter 7 Trustee's preservation costs, including electricity, insurance, pumping charges, contract employee costs, and the like (including the issuance of a $40,000 letter of credit to secure utility charges), in accordance with the Budget (as defined below) attached hereto as Exhibit "A" and incorporated herein for all purposes.

5. Contemporaneously with the filing of this Motion, the Chapter 7 Trustee has filed a motion seeking authority from this Court to pay various preservation costs in order to preserve the value of the Debtor's assets through the date of the sale of the Debtor's assets.

6. By this Financing Motion, the Chapter 7 Trustee seeks approval from this Court to obtain emergency financing to fund the Chapter 7 Trustee's costs, as set forth in the Budget (as defined below), to avoid immediate and irreparable harm.

7. The Debtor's estate has no liquidity in which to fund its preservation costs, which has prompted the filing of this Financing Motion. The Chapter 7 Trustee is seeking approval from this Court of emergency financing to enable the Chapter 7 Trustee to preserve its assets until it can sell the assets to a third party purchaser.

## C. Relief Requested

8. The Debtor has requested that Prosperity Bank extend to the Debtor's estate through the Chapter 7 Trustee financing in order to meet critical expenses of the Debtor's estate and, thus, avoid immediate and irreparable harm to the Debtor's estate (the "Post-Petition Financing"). Pursuant to 11 U.S.C. §§ 105, 362(a), 364(c)(1), 364(c)(2), and 364(c)(3) and Bankruptcy Rules 4001 and 9014, the Chapter 7 Trustee requests approval of the Agreed Order

Regarding Post-Petition Financing, (the "Financing Order") attached hereto as Exhibit "B" and incorporated herein for all purposes. Pursuant to the Financing Order, Prosperity Bank shall be granted first-priority post-petition liens and security interests in all of the Debtor's assets, together with a superpriority administrative expense claim under Section 364(c)(1) to secure the Post-Petition Financing advanced by Prosperity Bank to or for the benefit of the Debtor's estate since the commencement of these proceedings. The only existing liens on the Debtor's assets are in favor of Prosperity Bank, which holds first-priority liens on the Debtor's assets as of the Petition Date.

9. Without the use of the Post-Petition Financing, the Debtor's estate will not have the funds necessary to pay all of the necessary expenses and costs to preserve, protect, insure, and maintain the Debtor's assets.

10. The Chapter 7 Trustee has requested that Prosperity Bank provide the Post-Petition Financing in order to provide funds to be used solely for such purposes as set forth in the budget attached to the Financing Order (the "Budget"), in order to avoid immediate and irreparable harm to the Debtor's estate which will occur if the Financing Order is not immediately approved. Without the Post-Petition Financing, the Chapter 7 Trustee cannot maximize the value of the Debtor's assets.

11. The Chapter 7 Trustee is unable to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1), or pursuant to 11 U.S.C. §§ 364(a) and (b). No source of credit for the Debtor's estate other than the Post-Petition Financing, whether interim or otherwise, exists.

12. Good, adequate, and sufficient cause has been shown to justify the granting of the relief requested herein. The extension of credit as provided under the terms and conditions of the Post-Petition Financing Order is actual and necessary to preserve the Debtor's estate and its assets, and will avoid immediate and irreparable harm to the Debtor's estate and its assets.

13. The Debtor's major undersecured creditor, Prosperity Bank, supports the entry of the Financing Order. All other parties set forth in the Debtor's Official Service List in this case have been noticed of this Financing Motion and the emergency hearing on this Financing Motion, and such notice constitutes reasonable notice pursuant to the provisions of 11 U.S.C. §§ 102, 105, 362, 363 and 364 and Rule 4001.

**WHEREFORE,** the Chapter 7 Trustee respectfully requests that this Court (i) grant the relief sought in this Financing Motion and enter the Financing Order, and (ii) grant the Chapter 7 Trustee such other and further relief as may be just and equitable.

DATED: September 16, 2015.

Respectfully submitted,

**THE MOORE LAW FIRM, L.L.P.**

/s/  Bill F. Payne
Bill F. Payne, State Bar No. 156495000
100 North Main Street
Paris, Texas 75460
Telephone: 903-784-4393 or 972-628-4901
Facsimile: 903-785-0312

**COUNSEL FOR CHAPTER 7
TRUSTEE, LINDA PAYNE**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served on the attached mailing matrix either through the Court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid on September 16, 2015.

                                        /s/ Bill F. Payne
                                        Bill F. Payne

Armada Midcontinent, LLC
5220 Spring Valley Rd
Suite 615
Dallas, TX 75254-2431

David Weitman
K&L Gates LLP
1717 Main Street
Suite 2800
Dallas, TX 75201-7342

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

Jennifer Klein Ayers
K&L GATES, LLP
1717 Main Street, Suite 2800
Dallas, TX 75201-7342

Linda S Payne
Chapter 7 Bankruptcy Trustee
12270 Coit Road, Suite 541
Dallas, TX 75251

Mark A. Weisbart
The Law Office of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, TX 75251-1366

Prosperity Bank
3802 Oak Lawn Avenue
Dallas TX 75219-4614

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

United States Attorney s Office
110 North College Avenue, Suite 700
Tyler TX 75702-0204

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231